UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE E. LATTIMER, )
    Plaintiff, )
     )
v. ) CIVIL ACTION NO.
     )
HALLMARK HEALTH SYSTEM, INC. ) **05 - 11072 RCL**
    Defendant, )

## COMPLAINT AND JURY DEMAND

I. INTRODUCTION

1. In this action, plaintiff Michelle E. Lattimer seeks injunctive relief and damages under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Massachusetts Public Accommodations Law, M.G.L. c. 272 § 98, based on Defendant's failure and refusal to provide her with effective communication during her hospitalization in in May 2004.

II. PARTIES

2. Plaintiff Michelle E. Lattimer resides in Medford, Massachusetts. Ms. Lattimer is a person with a disability within the meaning of Section 504 and the Massachusetts Public Accommodations Law in that she is Deaf and relies on American Sign Language as her primary means of communication.

3. Defendant Hallmark Health System, Inc. ("Hallmark") is a not-for-profit corporation with a usual place of business at 100 Hospital Road, Malden, Massachusetts. Hallmark owns and operates Lawrence Memorial Hospital in Medford, Massachusetts.

III. JURISDICTION AND VENUE

4. Jurisdiction of this Court is conferred pursuant to 28 U.S.C. § 1331 and § 1343(a)(4). The Court has jurisdiction of plaintiffs' state law claim by virtue of its pendant jurisdiction.

5. The events giving rise to this action occurred within the District of Massachusetts and Lawrence Memorial Hospital is located within this District. Thus venue is properly within this District pursuant to the provisions of 28 U.S.C. § 1391(b).

IV. FACTUAL ALLEGATIONS

6. Michelle Lattimer is Deaf and relies on American Sign Language ("ASL") as her primary mode of communication.

7. On May 12, 2004 Ms. Lattimer sought emergency treatment at Lawrence Memorial Hospital ("the Hospital") because she had been experiencing a rapid, skipping heartbeat for the past five days.

8. When she arrived at the emergency room, she stated that she was Deaf and gave hospital staff a card explaining how to contact a sign language interpreter on an emergency basis. However, at no time did the Hospital provide an interpreter for Ms. Lattimer.

9. The Hospital admitted Ms. Lattimer to its Intensive Care Unit, put her on an IV, and administered medication. The Hospital offered no explanation of her condition or treatment and she did not consent to medication.

10. In the days following her admission, the Hospital administered numerous tests, again without explanation and without her consent. On one occasion, she was given a medication that caused her heart to race and her lips to throb. She was unable to ask

questions about her treatment or to express her concerns.

11. She requested a TTY (text telephone) so that she could contact her family and friends, but was not given a TTY. She eventually succeeded in getting a staff person to call her mother and a friend to let them know that she was in the hospital.

12. On the day before her discharge, a Deaf friend, Renee, and her 14-year-old daughter, Andrea, who is hearing, came to visit. During the visit, a doctor, Dr. Ellen Mansky, came into Ms. Lattimer's room and began talking with Andrea, using her to interpret for Ms. Lattimer. Dr. Mansky asked questions about Ms. Lattimer's medications and explained that the medication she had been taking was inappropriate and had caused her symptoms. Andrea is not a qualified interpreter and was not able to interpret the medical terms Dr. Mansky used.

13. The Hospital discharged Ms. Lattimer on May 16, 2004 without providing any follow-up instructions that she could understand.

14. Ms. Lattimer was terrified by her experience at the Hospital and experienced severe emotional distress as a result of the lack of effective communication by Hospital staff. She did not understand the reason for her symptoms, why she was assigned to the ICU, and the purpose of the tests and medications being administered.

15. As a result of her distress, she was unable to return to work following her hospitalization and took leave from work under the Family and Medical Leave Act. During the period she was out of work, she exhausted her paid leave, had no income, and was threatened with eviction because she was unable to pay her rent.

V. CLAIMS FOR RELIEF

First Claim for Relief: Section 504

16. Hallmark and the Hospital are recipients of federal financial assistance and are therefore subject to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and regulations adopted pursuant thereto by the U.S. Department of Health and Human Services ("HHS"), 45 C.F.R. Part 84.

17. Section 504 provides that no qualified individual with a disability "shall, on the basis of disability, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination" by a program or activity that receives federal financial assistance. 29 U.S.C. § 794.

18. The HHS regulations interpreting Section 504 define discrimination to include (a) a hospital's failure "to establish a procedure for effective communication for persons with impaired hearing for the purpose of providing emergency health care" 45 C.F.R. § 84.52(c); (b) failure to "provide appropriate auxiliary aids to persons with impaired sensory, manual, or speaking skills, where necessary to afford such person an equal opportunity to benefit from the service," 45 C.F.R. § 84.52(d)(1); and (c) utilizing "criteria or methods of administration (i) that have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap...." 45 C.F.R. § 84.4(b)(4). "Auxiliary aids" are defined to include "interpreters, and other aids for persons with impaired hearing," 45 C.F.R. §84.52(d)(3), and must be provided by entities that employ 15 or more people.

19. Hallmark and the Hospital violated Section 504 and its implementing regulations by failing to provide appropriate auxiliary aids and services to Ms. Lattimer, including sign

language interpreters and a TTY.

20. Hallmark and the Hospital violated Section 504 and its implementing regulations by utilizing methods of administration, including policies and operating methods that fail to ensure that patients who are Deaf and hard of hearing have access to appropriate auxiliary aids and services and that staff are adequately trained on their obligations under Section 504.

21. As a result of these violation of Section 504, Ms. Lattimer experienced severe emotional distress of such severity that she was unable to work for a period of time. She seeks compensation for her financial losses and for her severe emotional distress.

Second Claim for Relief:  The Massachusetts Public Accommodations Law

22. The Massachusetts Public Accommodations Law, M.G.L. c. 272 § 92A, requires places of public accommodation, including health care facilities, to provide people with disabilities with "full and equal accommodations, advantages, facilities and privileges."

23. Hallmark and the Hospital violated the Massachusetts Public Accommodations Law by failing to provide Ms. Lattimer with full and equal access to its programs and services because of the lack of interpreters and a TTY.

24. As a result of that violation of the Massachusetts Public Accommodations Law, Ms. Lattimer experienced severe emotional distress of such severity that she was unable to work for a period of time. She seeks compensation for her financial losses and for her severe emotional distress.

VI. REMEDY

Wherefore, plaintiff prays that the Court provide relief as follows:

a. Issue an injunction ordering the defendant to take immediate steps to ensure that Deaf patients are provided with effective communication, including implementation of a written policy regarding communication access that complies with the requirements of the law and providing staff with training on the requirements of the law;

b. Award damages to Ms. Lattimer to compensate her for her financial losses and for the severe emotional distress she experienced as a result of defendant's failure to provide her with interpreters and a TTY during her hospitalization.

c. Award plaintiffs the costs of this action, including a reasonable attorney's fee; and

d. award such additional relief as is just.

Plaintiff claims a trial by jury.

                                MICHELLE E. LATTIMER
                                By her attorney,

                                _____
                                Pamela J. Coveney BBO #102780
                                Disability Law Center, Inc.
                                11 Beacon Street, Suite 925
                                Boston, MA 02108
                                (617) 723-8455 Ext. 134
                                Pcoveney@dlc-ma.org

May 20, 2005

※JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michelle Lattimer

**DEFENDANTS**
Hallmark Health Systems, Inc.

(b) County of Residence of First Listed Plaintiff   Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Pamela J. Coveney

Attorneys (If Known)
05-11072 RCL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: |  |  | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  |  ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☒ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §794
Brief description of cause:
Discrimination by hospital against deaf patient.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE   May 20, 2005
SIGNATURE OF ATTORNEY OF RECORD   [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Lattimer v. Hallmark Health System, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   05 - 11072 RCL

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME     Pamela J. Coveney
ADDRESS             Disability Law Center, Inc., 11 Beacon Street, Suite 925, Boston, MA 02108
TELEPHONE NO.       (617) 723-8455, (800) 872-9992

(CategoryForm.wpd - 2/15/05)