UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHELLE E. LATTIMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-cv-11072-RCL |
| | ) | |
| HALLMARK HEALTH SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

The Defendant, Hallmark Health System, Inc. ("Hallmark"), hereby answers the correspondingly titled sections and numbered paragraphs of the Complaint as follows:

I.    Introduction

1.    The allegations of paragraph 1 are introductory and/or state conclusions of law to which no response are required.  To the extent that a response is required, Hallmark denies the allegations of paragraph 1.

II.    Parties

2.    Hallmark is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and leave the Plaintiff to her proof in this regard.

3.    Hallmark admits the allegations paragraph 3.

III.    Jurisdiction and Venue

4.    The allegations of paragraph 4 state conclusions of law to which no response is required.

5.    The allegations of paragraph 5 state conclusions of law to which no response is

required.

IV.    Factual Allegations

      6.    Hallmark is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and leaves the Plaintiff to her proof in this regard.

      7.    Hallmark admits the allegations of paragraph 7.

      8.    Hallmark admits that the Plaintiff informed hospital personnel that she was deaf and denies the remaining allegations of paragraph 8.

      9.    Hallmark admits that it treated Ms. Lattimer with her full, knowing consent and denies the remaining allegations of paragraph 9.

      10.    Hallmark admits that it treated Ms. Lattimer with her full, knowing consent and denies the remaining allegations of paragraph 10.

      11.    Hallmark denies the allegations of paragraph 11.

      12.    Hallmark denies the allegations of paragraph 12.

      13.    Hallmark admits that it discharged Ms. Lattimer on or about May 16, 2004 and denies the remaining allegations of paragraph 13.

      14.    Hallmark denies the allegations of paragraph 14.

      15.    Hallmark denies the allegations of paragraph 15.

V.    Claims for Relief

First Claim for Relief:   Section 504

      16.    The allegations of paragraph 16 state conclusions of law to which no response is required.

      17.    The allegations of paragraph 17 state conclusions of law to which no response is required.

18.    The allegations of paragraph 18 state conclusions of law to which no response is required.

19.    Hallmark denies the allegations of paragraph 19.

20.    Hallmark denies the allegations of paragraph 20.

21.    Hallmark denies the allegations of paragraph 21.

Second Claim for Relief:  The Massachusetts Public Accommodations Law

22.    The allegations of paragraph 22 state conclusions of law to which no response is required.

23.    Hallmark denies the allegations of paragraph 23.

24.    Hallmark denies the allegations of paragraph 24.

VI.    Remedy

Hallmark denies that the Plaintiff is entitled to any of the remedies sought in the Complaint.

Further answering, unless expressly admitted, Hallmark denies each and every allegation contained in the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff is estopped by her own conduct from asserting the claims contained in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

The doctrine of laches prevents the Plaintiff from asserting the claims contained in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has waived her right to assert the claims contained in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to satisfy the applicable administrative prerequisites to her claims.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to satisfy the applicable statute of limitations to her claim.

## SEVENTH AFFIRMATIVE DEFENSE

Pursuant to Massachusetts' charitable immunity statute, Mass. Gen. L. c. 231, § 85K, the Plaintiff's claims are limited to $20,000.

## EIGHTH AFFIRMATIVE DEFENSE

If the Plaintiff has suffered any damages as a result of Hallmark's conduct, which Hallmark vehemently denies, the Plaintiff has failed to mitigate her damages.

WHEREFORE, Hallmark respectfully requests that this Court dismiss the Complaint in its entirety and that it be awarded its costs and attorneys' fees.

Respectfully submitted,

HALLMARK HEALTH SYSTEM, INC.

By its attorneys,

s/John M. Simon
Macon P. Magee (BBO #550602)
John M. Simon (BBO# 645557)
Stoneman, Chandler & Miller, LLP
99 High Street
Boston, MA  02110
(617) 542-6789

Dated: June 28, 2005