UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE E. LATTIMER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>HALLMARK HEALTH SYSTEM, INC., )<br>)<br>Defendant. )<br>) | Civil Action No.  05-11072 RCL |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1**

Counsel for the parties to the above-captioned matter conferred on September 1 and 7, 2005 with regard to the matters to be discussed at the scheduling conference and have prepared this Joint Statement pursuant to Local Rule 16.1.

1. Summary of the Parties' Positions

    a. Plaintiff's Statement of the Case

Plaintiff, Michelle E. Lattimer ("Ms. Lattimer"), is a person who is deaf. On May 12, 2004, she had a rapid, skipping heartbeat and went to the emergency room at East Lawrence Memorial Hospital ("Lawrence Memorial"), where she remained until May 16, 2004. Although she repeatedly asked for a sign language interpreter, hospital personnel ignored her requests. During Ms. Lattimer's five-day stay, she was given medication without her consent, placed on an IV, and subjected to numerous tests. No one provided an interpreter to explain the reason for the tests or medication, or to explain the reason for her symptoms. On one occasion, shortly before her discharge, Ms. Lattimer received a

1

visit from a friend who is also deaf. That friend was accompanied by her then 14-year-old daughter, a hearing person who is able to sign. The daughter, Andrea, is not certified as an American Sign Language (ASL) interpreter and was not able to interpret medical terms. Nonetheless, during this visit, a physician came to Ms. Lattimer's room and used Andrea to interpret for her while she spoke to Ms. Lattimer about her diagnosis and treatment. At no time did this physician summon a qualified interpreter. Even when Ms. Lattimer was ultimately discharged, no interpreter was provided, and hospital personnel gave her follow-up instructions that she could not understand.

Defendant's conduct violated section 504 of the Rehabilitation Act, 29 U.S.C. § 794 and the regulations promulgated thereunder. Defendant's failure to provide a sign language interpreter for Ms. Lattimer violated the express mandate of 45 C.F.R. § 84.52(c) by failing "to establish a procedure for effective communication for persons with impaired hearing for the purpose of providing emergency health care." Defendant similarly violated the requirement in 45 C.F.R. § 84.52(d)(1) by failing to "provide appropriate auxiliary aids to person with impaired sensory, manual, or speaking skills, where necessary to afford such person an equal opportunity to benefit from the service." The regulations expressly define "auxiliary aids" to include "interpreters, and other aids for person with impaired hearing" and state that entities that employ 15 or more people must provide them. 45 C.F.R. §84.52(d)(1), (3).

Defendant's failure to provide a sign language interpreter for Ms. Lattimer also violated the Massachusetts Public Accommodations Law, M.G.L. c. 272 §§ 92A, 98 which requires places of public accommodation, including health care facilities, to

2

provide people with disabilities with "full and equal accommodations, advantages, facilities and privileges."

Ms. Lattimer has been severely distressed by the entire experience. She was unable to continue working and ultimately exhausted both her paid leave, and her leave under the Family Medical leave Act. At one point, she was actually threatened with eviction because she could not pay her rent. She seeks the following relief:

    (i)    an injunction, ordering defendant to provide deaf patients with effective communication, to implement a written policy for communication access that complies with the law, and to train its staff on the requirements of the law;

    (ii)    damages for both her financial loss and emotional distress; and

    (iii)    costs and reasonable attorneys' fees.

    b.    <u>Defendant's Statement of the Case</u>

The Defendant, Hallmark Health System, Inc. ("Hallmark"), unequivocally denies the Plaintiff's allegations. Both generally and with specific respect to the Plaintiff, Hallmark more than meets its obligations under section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the Massachusetts Public Accommodation Law, M.G.L. ch. 272, § 98.

Hallmark is a Massachusetts non-profit corporation that operates community hospitals at two locations: Melrose-Wakefield Hospital and Lawrence Memorial Hospital. Hallmark employs approximately 3,000 doctors, nurses, and other employees. At LMH, Hallmark provides a variety of inpatient and outpatient services.

To ensure that patients with hearing loss or deafness are able to participate in their medical treatment, Hallmark makes available to them American Sign Language ("ASL")

interpreters, whom are available 24 hours, 7 days a week, at no cost to the patient. All Hallmark patients are given a Patient Care Guide, which notifies them of the availability of these interpreters. A posting in the LMH emergency room registration area, as well as other various Hallmark publications that are distributed to patients, also advise patients that interpreters are available upon request.

In addition, Hallmark staff members are trained to notify patients about the availability of interpreters. Indeed, the Patient Assessment Record, which is completed by Hallmark personnel at the time of a patient's admission, specifically notes whether a patient has requested an interpreter.

Hallmark also provides TTY/TTD telephones and amplification devices, as well as pads and pencils, which are available to patients throughout its facilities. Hallmark recognizes and respects that deaf or hard of hearing patients have the right to choose whether or not they wish to utilize an interpreter, lip read, or to communicate through other means.

With specific reference to the Plaintiff, on May 12, 2004, the Plaintiff arrived at LMH complaining that she had been experiencing chest pain. Based on the test results and examination in the Emergency Room, she was admitted to the intensive care unit. Significantly, as noted on her Patient Assessment Record made at the time of her admission, the Plaintiff was specifically asked whether she wanted an ASL interpreter, which she declined.

Furthermore, at no time after her admission to LMH did the Plaintiff ever indicate that she desired or needed an interpreter. Instead, the Plaintiff very capably communicated with LMH personnel through speaking, lip reading and writing notes.

Given the highly effective level of communication between the Plaintiff and LMH staff – and the high comfort level exhibited by the Plaintiff in doing so – LMH personnel who dealt with the Plaintiff are absolutely shocked by her allegations.

In short, the Plaintiff had every opportunity (and certainly the ability) to request an ASL interpreter, but never did so. Indeed, the Plaintiff was examined, tested, and treated for four days on an inpatient basis due to a heart condition. Such care would have been impossible to diagnose and treat without effective communication with the Plaintiff.

Finally, that the Plaintiff has continued since May 2004 to receive medical treatment at LMH and other Hallmark facilities, belies her claim of continuing, severe emotional distress at Hallmark's hands. The Plaintiff's claims are without merit and should be dismissed.

2. <u>Joint Discovery Plan</u>: Each party will provide discovery to the other pursuant to Local Rules 26.1(B) and 26.2(A) no later than October 14, 2005.

The parties agree that all fact discovery will be completed by April 30, 2006.

3. <u>Motions</u>: Dispositive motions will be filed by June 30, 2006.

4. <u>Trial</u>: The parties will be ready for trial by November 2006. Trial is estimated to take one to two days.

5. <u>Settlement</u>: The Plaintiffs have submitted a written offer of settlement to the Defendant. The defendant is reviewing the offer and will respond in a timely manner.

6. <u>Alternative Dispute Resolution and Trial by Magistrate</u>: If the parties are unable to settle this case among themselves, they would be agreeable to mediation. The parties do not consent to a trial by magistrate.

7. <u>Certifications</u>:  The Plaintiff's Certification required by Local Rule 16.1(D)(3) is attached hereto.  The Defendant will file its Certification at or before the Scheduling Conference.

        Respectfully submitted,

        Michelle E. Lattimer
        By her attorney

        _____/s/Pamela J. Coveney_____
        Pamela J. Coveney, BBO #107280
        Disability Law Center, Inc.
        11 Beacon Street, Suite 925
        Boston, MA 02108
        (617) 723-8455

        Hallmark Health System, Inc.
        By its attorneys,

        _____/s/ John M.Simon_____
        Macon P. Magee, BBO #550602
        John M. Simon, BBO #645557
        Stoneman, Chandler & Miller, LLP
        99 High Street
        Boston, MA 02110
        (617) 542-6789

Dated: September 9, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHELLE E. LATTIMER,<br><br>    Plaintiff,<br><br>v.<br>RCL<br><br>HALLMARK HEALTH SYSTEM, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.  05-11072 |

**CERTIFICATION OF THE PLAINTIFF, MICHELLE E. LATTIMER,
IN ACCORDANCE WITH LOCAL RULE 16.1 (D) (3)**

The undersigned hereby certifies that on September 1 and 7, 2005, she conferred with opposing counsel with a view to establishing a budget for the costs of conducting the full course, and various alternative courses, of the litigation, and to consider resolution of the litigation through the use of alternative dispute resolution programs.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 9th DAY OF September, 2005

            Respectfully submitted,

            Michelle E. Lattimer
            By her attorney


            __/s/Pamela J. Coveney_____
            Pamela J. Coveney, BBO #107280
            Disability Law Center, Inc.
            11 Beacon Street, Suite 925
            Boston, MA 02108
            (617) 723-8455